*123
 
 Ruffin’, C. J.
 

 If there was no assent of the executors, the plaintiffs, of course, have no title at law. To maintain their action, then, an assent at some time must be supposed ; and it is admitted on the part of the plaintiffs, that the action is barred, if the assent be not shewn or presumed to have been given after the death of Mrs. Bennett in 1845. Now, nothing whatever is seen to fix that as the period of the assent. It is stated, that neither party gave direct evidence of an assent at any time. Why, then, should the particular period mentioned be assumed as the'true one. It has already been decided upon this will, that the gift to the children was immediate and absolute, and that the mother was not intended to take any legal estate.
 
 Bennett
 
 v.
 
 Williamson,
 
 1 Dev. & Bat.
 
 282.
 
 There was no reason, therefore, arising out of the contingent provision for her, why the executors should retain the legal title or withhold their assent to the gift to the children, until their mother should die. It appears, indeed, plainly enough, upon the depositions of the executors, that they then considered and spoke of the negroes, as belonging to the plaintiffs under the will. But it appears as plainly, that they did not then so treat or consider them for the first time; but that they had always so regarded them, from the death of the testator ; for they speak of Sylvia as having been then at Walker Bennett’s, where the plaintiffs lived, and as belonging to the plaintiffs, and they give no intimation, that they ever took, or wished to take the negroes into possession or interfered with them for the purpose of paying the testator’s debts or for any other purpose. Such a course of conduct by the executors for nearly twenty-seven years affords the highest evidence of an assent, and excludes an implication, that it was given in the last of those years rather than in the beginning, or when it was first, ascertained that the executors did not need the negroes for the payment of debts, and left them in Bennett’s possession
 
 *124
 
 with his children. On this ground, therefore, the Court properly refused the instruction asked, and might have rested the case.
 

 But, supposing the assent of the executors to have been given in 1845, and not before, the Court thinks, that even then the jury was correctly advised, that the plaintiffs ought not to recover. For the executors had lost their legal title before 1845, by the adverse possession of the defendant, and therefore their assent then could not vest a title in the plaintiffs. The saving of the statute of limitations, as to persons beyond the seas, does not include these executors, although they may have resided in Virginia and have never been in this State,
 
 Earl
 
 v.
 
 McDowell,
 
 1 Dev. 16 ; and consequently, under the Act of 1829,
 
 Rev. Slat. c. 65, s.
 
 18, an adverse possession by the defendant for twenty-four years gave him the title from them. To this it is objected, that infant legatees are thereby deprived of the benefit of the saving in their favour. But the saving of infancy is meant for one, who has an original cause of action at law. It does not extend to a legatee ; for there is no occasion for it, since by his appointment the executor takes in the first instance, the personal estate, though specifically bequeathed, for the purpose not only of doing justice to creditors, but also for the further purpose of guarding the interest of the legatees, and, especially, of those under disability. The right of the legatee is not recognized at law until he gets the assent of the executor; but the legatee is like a
 
 cestui que trust,
 
 and is represented by the executor, who has the legal estate, as a trustee. The legal title of the legatee is derivative and comes to him through the
 
 executor;
 
 and, consequently, it never can arise after the title of his trustee, the executor, has been extinguished. It was further objected, that Walker Bennett came to the possession of the negroes as a bailee, and therefore that his possession could not become adverse to the bailor upon a mere claim of them as his own,
 
 Collier
 
 v. Poe, 1 Dov.
 
 *125
 
 Eq. 55, and it was thence inferred, that the possession of the defendant, derived from Bennett, must be of the same character. But the inference is not a just one ; for by the sale and purchase between Bennett and Williamson, there was an express conversion, and the latter took a new possession in his own right.
 
 Powell
 
 v.
 
 Powell,
 
 1 Dev. and Bat. Eq. 379,
 
 Green
 
 v.
 
 Harris, 3
 
 Ired. 210.
 

 Pee Curiam. Judgment affirmed.